CHARLES PARKIN, City Attorney
MONTE H. MACHIT, Assistant City Attorney
State Bar No. 140692
HOWARD D. RUSSELL, Deputy City Attorney
State Bar No. 163595
NICHOLAS J. MASERO, Deputy City Attorney
State Bar No. 302989
333 West Ocean Boulevard, 11th Floor
Long Beach, California 90802-4664
Telephone:  (562) 570-2200
Facsimile:  (562) 436-1579

Attorneys for Defendants
CITY OF LONG BEACH, et al.

Peter J. Ferguson, SBN 108297
Kyle Bevan, SBN 294877
**FERGUSON, PRAET & SHERMAN,** A Professional Corporation
1631 East 18th Street
Santa Ana, California  92705
(714) 953-5300 telephone/(714) 953-1143 facsimile
Peterferg@aol.com
Attorneys for Defendant MATTHEW HERNANDEZ

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF FERAS MORAD, AMAL ALKABRA, and AMR MORAD, | Case No.:  2:16-CV-06785-MFW-AJW |
| Plaintiffs, | Honorable Michael W. Fitzgerald |
| vs. | |
| CITY OF LONG BEACH, MATTHEW HERNANDEZ, ROBERT LUNA, | **DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]** |
| Defendants. | Hearing:   October 1, 2018<br>Time:    10:00 a.m. |

Defendants, MATTHEW HERNANDEZ and CITY OF LONG BEACH, offer the following evidence in support of defendants' opposition to plaintiffs' motion for a new trial.

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1    • Exhibit A - declaration of Kyle Bevan

2    • Exhibit B - declaration of Peter Ferguson

3    • Exhibit C - declaration of Michelle Johnson

4    • Exhibit D - Reporter's Transcript, Vol. VI (7-5-2018), excerpts

5    • Exhibit E - Reporter's Transcript, Vol. VII (7-6-2018), excerpts

6    • Exhibit F - Reporter's Transcript, Vol. VIII (7-10-2018), excerpts

7    • Exhibit G - Reporter's Transcript, Vol. IX (7-11-2018), excerpts

8    • Exhibit H - Reporter's Transcript, Vol. X (7-12-2018), excerpts

9

10   DATED: August 27, 2018              CHARLES PARKIN, City Attorney

11

12                                       By: /s/ HOWARD D. RUSSELL
                                            HOWARD D. RUSSELL
13                                          Deputy City Attorney
                                         Attorneys for Defendants
14                                       CITY OF LONG BEACH, et al.

15

16   DATED: May 22, 2018                 FERGUSON, PRAET & SHERMAN

17                                              /s/ PETER J. FERGUSON

18                                       By:  PETER J. FERGUSON, Esq.
                                         Attorneys for Defendant
19                                       MATTHEW HERNANDEZ

20

21

22

23

24

25

26

27

28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

2

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Lone Beach, CA 90802-4664

# EXHIBIT "A"

# DECLARATION OF KYLE BEVAN

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

### DECLARATION OF KYLE R. BEVAN

I, Kyle R. Bevan, declare as follows:

1.     I am an attorney with the Law Offices of Ferguson, Praet & Sherman, counsel of record for Defendant Officer Matthew Hernandez, in the case entitled *Estate of Feras Morad, et al. v. City of Long Beach, et al.*, Case No. CV 16-6785-MWF (AJWx). I first appeared in this matter on March 16, 2018. [Dkt No. 113] The facts stated herein are of my own personal knowledge unless otherwise stated.

2.     During my efforts to prepare a joint exhibit list with Mr. Piovia-Scott, I indicated on May 17, 2018, a desire to include "the radio calls put out by LBPD" on the exhibit list. [Dkt No. 221, Exhibit A] At the time, I believed the dispatch call sent out by LBPD dispatch to Officer Hernandez was broken into two parts, specifically, "COLB RFP to Plf I – INC # 23238" and "Call #1642 PD13 Fire notifying PD ofc struggling needs assistance." I was not involved in producing any documents during the discovery phase of this case. In both my phone and e-mail conversations with Plaintiffs' counsel, I always intended Exhibit 363 to contain the file that was actually played in court during Officer Hernandez's testimony. Indeed, although the specific files were incorrectly identified, the language of the Exhibit Lists filed with the Court reflects the understanding that Exhibit 363 would be "Radio dispatch call put out by the LBPD." [Dkt Nos. 123 and 169]. I later learned the correct audio file was actually labeled "cc – Call 1642 052715 PD CH 2 (radio traffic).

3.     During the preparation of the joint exhibit list, which involved numerous e-mails and phone calls between all parties, I told Plaintiffs' counsel that Defendants wanted the dispatch call from LBPD to Officer Hernandez to be an exhibit to be used at trial. I mistakenly identified the incorrect file names for that audio file.

4.     Plaintiffs stipulated to the authenticity and admissibility of Exhibit 363 as identified on the Joint Amended Trial Exhibit List. [Dkt No. 169] Plaintiffs

1

1   also stipulated to the authenticity and admissibility of Exhibit 365, which was a

2   transcript of Exhibit 363 (not the two files identified on Dkt No. 169, but the

3   dispatch call actually played in court). [Dkt No. 169]

4       5.      My office did not prepare any exhibit binders for use at trial.  Mr.

5   Stormer's law firm prepared all of the exhibit binders for use at trial. Furthermore,

6   the Hadsell Stormer law firm did not provide us with physical copies of the exhibit

7   binders they prepared for trial. The digital folder containing exhibits given to us

8   by the Hadsell Stormer firm did not contain any entries for Exhibit 363. Instead, it

9   contained only photographs converted into PDF documents. I did not prepare a

10  disc for Exhibit 363. The first time I ever handled a disc labeled "Exhibit 363" was

11  when the Court called us in following its receipt of the juror note and I was

12  handed the disc prepared by Plaintiffs' counsel.

13      6.      During trial, Mr. Russell, Mr. Ferguson, and I presented exhibits

14  using either the ELMO in the courtroom or using my laptop. When Defendants

15  played what we identified on the record as Exhibit 363, I opened a file on my

16  desktop entitled "cc – Call 1642 052715 PD CH 2 (radio traffic)." At some point

17  during trial preparations, I copied this file from my law firm's network onto my

18  laptop. I failed to note this file was different from the two identified on Dkt No.

19  169. However, this file, which Defendants played and identified on the record as

20  Exhibit 363, fairly represented the "[r]adio dispatch call put out by the LBPD."

21  Plaintiffs did not object to this file being played during trial.

22      7.      On July 11, 2018, following closing arguments, I was present in the

23  Courtroom when the Courtroom Deputy, Ms. Sanchez, directed the parties to meet

24  and confer and consolidate the exhibits that had been admitted at trial from

25  approximately 21 exhibit binders into one binder. I worked on this task in a small

26  room adjacent to the courtroom with Mr. Olney and Mr. Piovia-Scott.

27      8.      Once we finalized the exhibit binder, Mr. Ferguson sat down and

28  reviewed it. His review took approximately 15 minutes. Mr. Ferguson had a few

1   questions regarding certain school records and photographs of decedent Morad
2   being in the exhibit binder although they were not introduced at trial. Mr. Piovia-
3   Scott asked Mr. Ferguson, "Do we really have to do this, Pete?" and appeared
4   eager for him to finish his review so the exhibit binder could go back to the jury.
5   Mr. Ferguson suggested to Mr. Piovia-Scott that we should review the contents of
6   the discs before sending them back to the jury. Mr. Piovia-Scott said, "My office
7   prepared them," and did not wish to review the contents of the discs. We did not
8   review the contents of the discs.

9       9.      All attorneys present agreed on the contents of the exhibit binder,
10  which then went back to the jury room.

11      I declare under penalty of perjury that the foregoing is true and correct.
12  Executed on August 27, 2018, at Santa Ana, California.

Kyle R. Bevan

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Lone Beach, CA 90802-4664

# EXHIBIT "B"

# DECLARATION OF PETER FERGUSON

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

# DECLARATION OF PETER J. FERGUSON

I, Peter J. Ferguson, declare as follows:

1.     I am the attorney with the Law Offices of Ferguson, Praet & Sherman, counsel of record for Defendant Officer Matthew Hernandez, in the case entitled *Estate of Feras Morad, et al. v. City of Long Beach, et al.*, Case No. 16-CV-6785 MWF (AJW).  The facts stated herein are of my own personal knowledge unless otherwise stated.

2.     My office did not prepare any exhibit binders for use at trial. Furthermore, the Hadsell Stormer law firm did not provide us with physical copies of the exhibit binders they prepared for trial. During trial, I referred to exhibits on my associate's laptop computer. The digital file containing exhibits given to us by the Hadsell Stormer firm did not contain any entries for Exhibit 363.

3.     When I introduced audio or video exhibits at trial, such as the Kelsie Cooney cell phone video or the LBPD dispatch call, I did so using digital files stored on my associate's laptop computer desktop.

4.     On July 11, 2018, following closing arguments, I was present in the Courtroom  when the Courtroom Deputy, Ms. Sanchez, directed the parties to meet and confer and consolidate the exhibits that had been admitted at trial from approximately 21 exhibit binders into one binder.

5.     Towards the end of this conference, I entered the small room adjacent to the courtroom where Kyle Bevan, Brian Olney, and Joshua Piovia-Scott were finalizing the exhibit binder which was to go back to the jury room.

6.     Once the exhibit binder had been finalized by Bevan, Olney, and Piovia-Scott, I sat down and reviewed it. My review took approximately 15 minutes. I had a few questions regarding certain school records and photographs of decedent Morad being in the exhibit binder although they were not introduced at trial. Mr. Piovia-Scott asked me, "Do we really have to do this, Pete?" and appeared eager for me to finish my review so the exhibit binder could go back to

1

1  the jury. After conferring with my co-counsel Mr. Russell, I decided not to make

2  an issue out of the school records and photographs being included in the exhibit

3  binder.

4      7.    As I reached the end of the exhibit binder, I saw two discs. One of

5  these discs was labeled as Exhibit 363. I suggested to Mr. Piovia-Scott that we

6  should review the contents of the discs before sending them back to the jury. Mr.

7  Piovia-Scott said, "My office prepared them," and did not wish to review the

8  contents of the discs. We did not review the contents of the discs.

9      8.    All attorneys present agreed on the contents of the exhibit binder,

10  which then went back to the jury room.

11      I declare under penalty of perjury that the foregoing is true and correct.

12      Executed on August 27, 2018, at Santa Ana, California.

Peter J. Ferguson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# EXHIBIT "C"

# DECLARATION OF MICHELLE JOHNSON

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

## DECLARATION OF MICHELLE JOHNSON

I, MICHELLE JOHNSON, DECLARE:

I am over 18 years of age. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could competently testify about what I have written in this declaration.

1.  I was juror number 6 in the case of Morad v. City of Long Beach and Officer Matthew Hernandez, with Judge Michael Fitzgerald.

2.  I submitted a note to the court during deliberations, requesting the initial call to Officer Hernandez from Dispatch that had been played during the trial. That call was not on the disk that we had, which was labeled Exhibit 363.

3.  Judge Fitzgerald called all the jurors into the courtroom. He had the correct dispatch call played for us while we were in the courtroom.

4.  Judge Fitzgerald instructed us to disregard the other calls on the disk labeled Exhibit 363, and to deliberate based only on what we heard in the courtroom.

5.  I followed Judge Fitzgerald's instructions.

6.  Because I was the presiding juror, I reminded the other jurors that we all needed to follow the judge's instructions.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct. Signed at Arroyo Grande , California.

Dated: 8/27/18

MICHELLE JOHNSON

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# EXHIBIT "D"

# REPORTER'S TRANSCRIPT
# VOL. VI (7-5-2018)
Excerpts

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1 UNITED STATES DISTRICT COURT

2 CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3 HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5

 ESTATE OF FERAS MORAD, et al.,  )

6             )

    Plaintiffs,     )

7             )

     vs.       )

8           ) 2:16-CV-6785-MWF

 CITY OF LONG BEACH, et al.,  )

9             )

    Defendants.     )

10  _____)

11

12   REPORTER'S TRANSCRIPT OF JURY TRIAL VOLUME VI

13       Los Angeles, California

14        Thursday, July 5, 2018

15

16

17

18

19

20

21

22      AMY DIAZ, RPR, CRR, FCRR
      Federal Official Reporter

23      350 West 1st Street, #4455
      Los Angeles, CA 90012

24

25 *Please order court transcripts here:  www.amydiazfedreporter.com*

1212

HERNANDEZ - DIRECT

1    A. Yes, sir.

2    Q. What did you see?

3    A. I saw three individuals, sir.

4    Q. And approximately where were they when you stopped your

5    vehicle?

6    A. They were approximately in this location right about

7    here, sir.

8    Q. Okay.  And you stopped your vehicle.  How far were the

9    three individuals where you stopped your vehicle, how far

10   away were they from you?

11   A. Approximately 30 feet, sir.

12   Q. Okay.  And why did you stop there?

13   A. I believed that the 30 feet was a safe distance to try to

14   investigate the original call for dispatch, sir.

15   Q. Okay.

16         MR. FERGUSON: If we can play Exhibit 363, the

17   dispatch tape at this point, Your Honor?

18         THE COURT:  You may.

19         MR. FERGUSON: Thank you, Your Honor.

20         THE COURT:  363 is admitted.

21         (Thereupon, the audio was played.)

22   Q. Now, you heard a female voice and a male voice.  Do you

23   recognize the male voice?

24   A. Yes, sir, I do.

25   Q. Who is that?

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

HERNANDEZ - DIRECT

1   Q. When was the first time you observed that video?

2   A. Five to six months ago, approximately.

3   Q. When you wrote your report, were you aware of the video

4   by Ms. Cooney?

5   A. No, sir, I was not.

6   Q. Why don't we play Exhibit 362, approximately 30-second

7   video of Ms. Cooney at this point?

8          THE COURT: 362 is admitted and you may play it.

9          MR. FERGUSON: I would like to play the whole thing.

10   I would like to play the whole thing and then go back and

11   just have him describe what is going on.

12          THE COURT: You may.

13          MR. FERGUSON: Thank you.

14          (Thereupon, the video was played.)

15   Q. Did you hear yourself in that video, sir?

16   A. Yes, sir.

17   Q. And what were you saying?

18   A. I was giving Mr. Morad multiple commands.

19   Q. What was Mr. Morad doing when you were giving those

20   commands?

21   A. I believe the first command I gave him was to stay down.

22   And it was as Mr. Morad was standing up from his seated

23   position.

24   Q. Okay.  And where did he go when he got up?

25   A. Directly towards me, sir.

HERNANDEZ - DIRECT

1    A. I listened to it with yourself and Mr. Bevan in your

2    office without headphones in a conference room, and then with

3    headphones in that same conference room.

4    Q. Is there something you can hear on the headphones more

5    clearly than just listening straight through the video?

6    A. I believe so, yes, sir.

7    Q. What is it that you heard?

8         MR. STORMER: I'm going to object and ask to approach

9    on this.

10        THE COURT: All right.  I'll allow the testimony in.

11   If it needs to be stricken, it will be stricken, but the

12   witness is on the stand.  So with that understanding,

13   overruled.

14   Q. What was said when you listened to it with the

15   headphones?

16   A. Mr. Morad said, I'm coming to get you.

17   Q. When you heard that, did it cause you any concern?

18   A. Yes, sir.

19   Q. Why?

20   A. I believed that Mr. Morad was an immediate threat to my

21   life.  That if I allowed Mr. Morad to continue towards me,

22   that there was a chance that he could overpower me, take my

23   weapon from me, potentially use it against me, and use it

24   against the firefighters who were directly behind me.

25   Q. Were you in fear of your safety?

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# EXHIBIT "E"

# REPORTER'S TRANSCRIPT
# VOL. VII (7-6-2018)
Excerpts

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

ESTATE OF FERAS MORAD, et al.,                )
                                              )
              Plaintiffs,                     )
                                              )
       vs.                                    )     2:16-CV-6785-MWF
                                              )
CITY OF LONG BEACH, et al.,                   )
                                              )
              Defendants.                     )
_____)

REPORTER'S TRANSCRIPT OF JURY TRIAL VOLUME VII

Los Angeles, California

Friday, July 6, 2018

_____

AMY DIAZ, RPR, CRR, FCRR
Federal Official Reporter
350 West 1st Street, #4455
Los Angeles, CA 90012

*Please order court transcripts here:*  *www.amydiazfedreporter.com*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

HERNANDEZ - CROSS

1    MR. STORMER: Thank you, Your Honor.

2                    CROSS-EXAMINATION

3    BY MR. STORMER:

4    Q. Officer Hernandez, yesterday when you were asked about

5    the dispatch and the dispatch was played, you were asked what

6    you heard.  And you said on two occasions that you were told

7    by the dispatcher that someone had either jumped or fell out

8    of a window.  Do you remember your testimony?

9    A. I do, sir.

10   Q. And that is not correct, is it?

11   A. No.  I misspoke, sir.

12   Q. I'm going to --

13        MR. STORMER: I would like to publish Exhibit 365,

14   transcript previously stipulated.

15        THE COURT:  Ladies and gentlemen, for any

16   transcript, it's a suggestion to you of what is on the tape.

17   It's -- you can use it for that purpose if you find it

18   helpful, but the actual evidence is what you hear, it's what

19   is on the tape.

20        For instance, if listening to the tape previously,

21   if we should hear it again, you feel that the transcript is

22   different from what you are hearing, it's what you are

23   hearing that controls.

24        All right.  Mr. Stormer.

25   Q. Okay.  At 19:30, you got the call, correct?

1518

1    MR. FERGUSON: Nothing, Your Honor.

2    (Thereupon, the Court was in recess.)

3    *****    *****    *****

4

5    I certify that the foregoing is a correct transcript from the

6    record of proceedings in the above-titled matter.

7

8

9

10    ---------------------------

11

12    Amy C. Diaz, RPR, CRR        August 22, 2018

13    S/  Amy Diaz

14

15    CONTINUED DIRECT EXAMINATION                    1317

16    BY MR. RUSSELL

17    REDIRECT EXAMINATION                            1333

18    BY MR. FERGUSON

19    CROSS-EXAMINATION                               1337

20    BY MR. STORMER

21    Defense Exhibit Number 74                       1352

22    Exhibit Number 75                               1352

23    Exhibit Number 76                               1361

24    REDIRECT EXAMINATION                            1415

25    BY MR. FERGUSON

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# EXHIBIT "F"

# REPORTER'S TRANSCRIPT
# VOL. VIII (7-10-2018)

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1          UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5
ESTATE OF FERAS MORAD, et al.,      )
6                                    )
              Plaintiffs,            )
7                                    )
              vs.                    )
8                                    )    2:16-CV-6785-MWF
CITY OF LONG BEACH, et al.,         )
9                                    )
              Defendants.            )
10    _____)

11

12        REPORTER'S TRANSCRIPT OF JURY TRIAL VOLUME VIII

13                  Los Angeles, California

14                  Tuesday, July 10, 2018

15

16        _____

17

18

19

20

21

22              AMY DIAZ, RPR, CRR, FCRR
                Federal Official Reporter
23              350 West 1st Street, #4455
                Los Angeles, CA 90012
24

25    *Please order court transcripts here:*   *www.amydiazfedreporter.com*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

JACKSON - DIRECT

1    from the officer?

2      A. Several.

3      Q. And what kind of commands were you hearing while you were

4    standing at the gate?

5      A. He was still telling him to stop advancing towards him,

6    and to lay down to submit.

7      Q. While you were standing at the gate, did you ever see the

8    young man lay down and submit?

9      A. Not once.

10     Q. While you were standing at the gate, did you ever see the

11   young man stop, that it appeared to you as he was responding

12   to the officer's commands?

13     A. Not once.

14     Q. While you were standing at the gate, did you ever hear

15   the young man say anything?

16     A. I recall to the best of my recollection now that he at

17   one point said, I'm going to kill you, and was advancing

18   towards the officer.

19     Q. While you were standing there, without getting into any

20   specifics about any particular substance, did you form any

21   impression of whether or not the young man was sober?

22     A. I could tell he was clearly not sober.

23     Q. Okay.  Did you believe he was under the influence of

24   alcohol?

25     A. To me it didn't look like alcohol, so I would say no.

```
 1
 2    I certify that the foregoing is a correct transcript from the
 3    record of proceedings in the above-titled matter.
 4
 5
 6
 7    ---------------------------
 8
 9    Amy C. Diaz, RPR, CRR          August 24, 2018
10    S/ Amy Diaz
11
12    DAVID JACKSON                                    1534
13    DIRECT EXAMINATION                               1534
14    BY MR. RUSSELL
15    DIRECT EXAMINATION                               1549
16    BY MR. FERGUSON
17    CROSS-EXAMINATION                                1554
18    BY MR. STORMER
19    REDIRECT-EXAMINATION                             1571
20    BY MR. RUSSELL
21    RECROSS-EXAMINATION                              1576
22    BY MR. STORMER
23    CAPTAIN GREG MEYER                               1577
24    DIRECT EXAMINATION                               1578
25    BY MR. RUSSELL
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Lone Beach, CA 90802-4664

# EXHIBIT "G"

## REPORTER'S TRANSCRIPT
## VOL. IX (7-11-2018)
### Excerpts

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5

ESTATE OF FERAS MORAD, et al.,      )
6                                    )
            Plaintiffs,              )
7                                    )
            vs.                      )
8                                    )   2:16-CV-6785-MWF
CITY OF LONG BEACH, et al.,          )
9                                    )
            Defendants.              )
10   _____)

11

12              REPORTER'S TRANSCRIPT OF JURY TRIAL VOLUME IX

13                      Los Angeles, California

14                      Wednesday, July 11, 2018

15

16                _____

17

18

19

20

21

22                AMY DIAZ, RPR, CRR, FCRR
                  Federal Official Reporter
23                350 West 1st Street, #4455
                  Los Angeles, CA 90012
24

25       *Please order court transcripts here:   www.amydiazfedreporter.com*


AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1    And our system is not far from perfect.  Our system

2  has you.  Our system has jurors with everyday experiences who

3  you can draw upon your experiences, you can make these

4  determinations.  Don't buy this being bought off.

5    And here is something that really offends me.  Did

6  you hear Mr. Bevan say, here is the job of firefighters, make

7  some chili, polish the engine, and sometimes take care of

8  somebody.  How disrespectful.  These are people who came in

9  and testified against their employer, were in pain in their

10  testimony, because the officers are their brothers, that the

11  officers are their children, and they came forward and

12  testified truthfully. And to get made fun of, make chili and

13  polish the engine.  And they couldn't even pronounce his name

14  properly.  Grego.  Grego.  It's disrespectful and not proper.

15    Oh, and the playing of the tape.  I asked that you

16  look at Exhibit, I guess it's 362, that Cooney tape.  And if

17  you can find some magic headphones, like they seem to have,

18  that allow you to hear something that isn't there, I invite

19  you to use those magic headphones.

20    THE COURT:  Ladies and gentlemen, I know Mr. Stormer

21  was being rhetorical, but it is important that you listen to

22  the tape under the same conditions on which it was presented

23  here in court.  That is the point of my instruction.  So you

24  may under no circumstances bring in headphones, magic or

25  otherwise.

1       Counsel, I'm sorry to interrupt your argument.  Go
2    ahead.
3       MR. STORMER: Okay.  And then we talked about Dr.
4    Melinek.  And she was the creator of this document which
5    shows the bullet coming upwards.  And she allowed that to go
6    forward in the report.  And it's absolutely consistent with
7    her testimony.  Well, we talked on the phone.  I looked up, I
8    looked down, looked right.  This looked right.  That is not a
9    biomechanical presentation.  That is not an analysis of the
10   way the body moves.  That is not what an engineer, a
11   biomechanical engineer does.  That is somebody who is just
12   trying to convince you that their Harvard education is
13   really, really good.
14       And then she presents you with this.  She says,
15   looking at the bottom one.  That is likely how it happened.
16   Does the bottom one bear any resemblance to the top one?  It
17   bears no resemblance whatsoever, but that is supposedly what
18   she's mimicking.  That is supposedly what she's presenting.
19       Oh, and David Jackson.  He was in their first panel
20   of descriptions, or maybe it was the second panel.  David
21   Jackson, who through a grill 500 feet away could see the
22   person's face.  David Jackson, who says that they wrestled
23   torso-to-torso, face-to-face for two minutes.  David Jackson,
24   who claims that he was -- that the taser was on the
25   passenger's side in the midabdomen, and it stuck.  David

1        So thank you, Counsel.

2        (Thereupon, the Court was in recess.)

3                    *****     *****     *****

4

5    I certify that the foregoing is a correct transcript from the

6    record of proceedings in the above-titled matter.

7

8

9

10   --------------------------

11

12   Amy C. Diaz, RPR, CRR            August 27, 2018

13   S/  Amy Diaz

14

15     Exhibit Numbers 371-001 and 371-005              1711

16     Exhibit Number 371-006                           1711

17     Exhibit Numbers 371-007 and 371-0011             1711

18     Exhibit Number 371-024                           1711

19     Exhibit Number 371-027                           1712

20     Exhibit Number 371-030                           1712

21     Exhibit Number 371-031                           1712

22     Exhibit Number 371-033                           1712

23     Exhibit Number 371-034                           1712

24     Exhibit Number 371-035                           1712

25     Exhibit Number 371-036                           1713

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

# EXHIBIT "H"

## REPORTER'S TRANSCRIPT
## VOL. X (7-12-2018)
### Excerpts

**DEFENDANTS' EVIDENCE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR A NEW TRIAL [FED.R.CIV.P. 59]**

1      UNITED STATES DISTRICT COURT

2   CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5
  ESTATE OF FERAS MORAD, et al.,  )
6              )
       Plaintiffs,     )
7              )
        vs.       )
8             ) 2:16-CV-6785-MWF
  CITY OF LONG BEACH, et al.,   )
9             )
       Defendants.     )
10  _____)

11

12
     REPORTER'S TRANSCRIPT OF PROCEEDINGS
13
       JURY TRIAL VOLUME X
14
      Los Angeles, California
15
      Thursday, July 12, 2018
16

17

18

19

20

21

22

23      AMY DIAZ, RPR, CRR, FCRR
       Federal Official Reporter
24      350 West 1st Street, #4455
       Los Angeles, CA 90012
25

```
1              THE CLERK:   Calling item number one, CV-16-6785-MWF,
2    The Estate of Feras Morad, et al. vs. City of Long Beach, et
3    al.
4              Counsel, please state your appearance for the
5    record.
6              MR. STORMER: Dan Stormer and Brian Olney for the
7    plaintiffs.  Good morning.
8              THE COURT:  Good morning.
9              MR. RUSSELL: Howard Russell for Defendant City of
10   Long Beach, and Pete Ferguson and Kyle Bevan are here on
11   behalf of Officer Hernandez, who is also present.
12             THE COURT:  Good morning, Counsel.  Good morning,
13   Officer Hernandez.
14             We have received a note from the jury dated today at
15   11:39 AM, signed by juror number 6, Jury Note 1.
16             "The jury requests the following:  The audio in
17   Exhibit 363 does not include the initial call to Officer
18   Hernandez from Dispatch.  We would like to hear/review that
19   portion."
20             Dated today with Juror Number 6's signature, as I
21   said.
22             The problem, I think, is that they might be asking
23   for something which is just not in evidence, but was alluded
24   to by witnesses.  I'm not sure about that, so I wanted to
25   consult with Counsel.
```

1    really weren't even, other than just being basically alluded

2    to, which was that there was a 911 call, but nobody played it

3    and talked about it.  And that dispatch from fire and

4    dispatch from police were in different rooms.

5           THE COURT:  All right.  Well, if --

6           MR. STORMER:  I would concur.

7           THE COURT:  And it's one thing to say that there was

8    such a call, so the jury understands the sequence of events,

9    it's another to play it when it's hearsay, and arguably not

10   relevant if Officer Hernandez never heard it.  So what I

11   propose we do is call the jury back in here and just say that

12   we are going to play all of the dispatch call, which is in

13   evidence, and to the extent that you are asking for anything

14   other than that, it simply is not in evidence.  There

15   apparently was a couple -- there were -- it was something

16   else on the disk that was sent to you in error.  It's not

17   relevant to the case.  And if you played it, I'm ordering you

18   to disregard it, just deliberate on what it is that you've

19   heard here in court, and we'll send a revised disk with that

20   call back to you as soon as it can be prepared.

21          So --

22          MR. STORMER:  That's fine with plaintiff, Your Honor.

23          MR. RUSSELL:  Defendants as well, Your Honor.

24          THE COURT:  All right.  Ms. Sanchez, please bring

25   the jury back into the courtroom.

```
1              THE CLERK:  Yes, Your Honor.

2              (Thereupon, the jury returned to the courtroom.)

3              THE COURT:  Good afternoon, Madame Foreperson.  Good

4    afternoon, ladies and gentlemen of the jury.

5              I have received your Note Number 1 and discussed it

6    with counsel.  As you've realized, what is on 363 appears to

7    both lack what is in evidence and contain things that were

8    not admitted into evidence.

9              So I am going to keep the disk that was marked as

10   363.  I am now going to cause to be played for you what we've

11   been referring to as the "dispatch calls" so you can hear it

12   again in court, and I'll send a disk back to you with that

13   call on it and only that call on it as soon as that can be

14   prepared.

15             So, Counsel, please play the -- what we have been

16   referring to as the "dispatch call" that was previously

17   played in court.

18             (Thereupon, the audio was played.)

19             THE COURT:  Juror number 6, if you receive a disk

20   with what we just heard on it, will that be responsive to

21   your note?

22             JUROR NUMBER 6:  Yes.

23             THE COURT:  Then I will get it to you as soon as we

24   can.  Thank you.

25             THE COURT:  Ladies and gentlemen, please disregard
```

1     the other calls that were on the disk that you received

2     labeled Exhibit 363.  It's not that we are hiding things from

3     you.  You've heard me instruct you on the case, you know what

4     is in the case, you understand why those things aren't

5     relevant to what you are being asked to decide.  So please

6     deliberate on the basis of what you heard here in court.

7           Thank you.

8           (Thereupon, the jury retired from the courtroom.)

9           THE COURT:  How can we get that recording on to a

10    disk so we can give it to them?

11         MR. BEVAN:  The one complication I see, Your Honor,

12    and I unfortunately don't have experience doing this, the

13    tape itself is about eight and a half minutes long, and I

14    stopped it at the same portion that Mr. Ferguson stopped it

15    at in court, which is the 3:20 mark.

16         THE COURT:  And is it from the beginning to the

17    3:20?

18         MR. BEVAN:  Yes.  It's from zero to 3:20.  I have a

19    USB drive I could place it on.  I don't have any blank disks.

20         THE COURT:  Let me -- off the record.

21         (Thereupon, there was a brief off-the-record

22    discussion.)

23         THE COURT:  I'm going to ask our IT department to

24    help us with this.  Mr. Bevan, if you can remain here, and

25    Mr. Olney and anyone else who wants to, as well, and advise

1      them on what it is we want done.  At some point I want a

2      lawyer from each side to listen to the disk, make sure what

3      it is on it was what was played in court, and we'll send it

4      to them.

5              Any questions?

6              MR. STORMER: None from plaintiff, Your Honor.

7              MR. BEVAN: None from the defense, Your Honor.

8              THE COURT:  Thank you, Counsel.

9              (Thereupon, the Court was in recess.)

10             THE CLERK:  Recalling item number one, case number

11     CV-16-6785-MWF, *Estate of Feras Morad, et al., vs. City of*

12     *Long Beach, et al.*

13             Counsel, please restate your appearance for the

14     record.

15             MR. RUSSELL: Good afternoon, Your Honor.  Howard

16     Russell for Defendant City of Long Beach, along with Pete

17     Ferguson and Kyle Bevan on behalf of Officer Hernandez, who

18     is present.

19             MR. PIOVIA-SCOTT: Good afternoon, Your Honor.  Josh

20     Piovia-Scott, Dan Stormer and Brian Olney on behalf of the

21     plaintiff.

22             THE COURT:  All right.  Good afternoon, Counsel.

23     Good afternoon, Officer Hernandez.

24             As you know, we have received a further note dated

25     today at 3:10 PM, Jury Note Number 2.  "The jury has reached

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1    a unanimous verdict dated today by Juror 6 as the

2    foreperson."

3            Counsel, anything to raise with me before we bring

4    in the jury?

5            MR. STORMER: Nothing for plaintiff, Your Honor.

6            MR. RUSSELL: Nothing from defense, Your Honor.

7            THE COURT:  Ms. Sanchez, please bring in the jury.

8            THE CLERK:  Yes, Your Honor.

9            (Thereupon, the jury returned to the courtroom.)

10           THE COURT:  Welcome back, ladies and gentlemen.  All

11   eight of you are here.

12           Madame Foreperson, I received a note saying the jury

13   has reached a unanimous verdict.  Is that correct?

14           THE FOREPERSON:  Yes, Your Honor.

15           THE COURT:  Please hand the envelope with the

16   verdict form to Ms. Sanchez.

17           Madame Clerk, please read the verdict.

18           THE CLERK:  Yes, Your Honor.

19           United States District Court, Central District of

20   California, *Estate of Feras Morad, Amal Alkabra and Amr*

21   *Morad, Plaintiffs vs. Officer Matthew Hernandez and City of*

22   *Long Beach, Defendants*.  Number CV-16-6785-MWF-AJWX.  The

23   Honorable Michael W. Fitzgerald, United States District

24   Judge.

25           Verdict Form.

1    something about their son and that they have my condolences

2    on his death.

3              MR. STORMER: We will, Your Honor.

4              THE COURT:  Thank you, Counsel.

5                    *****     *****     *****

6

7    I certify that the foregoing is a correct transcript from the

8    record of proceedings in the above-titled matter.

9

10

11

12    --------------------------

13

14    Amy C. Diaz, RPR, CRR              August 27, 2018

15    S/  Amy Diaz

16

17

18

19

20

21

22

23

24

25